USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: AUG 1 5 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Pablo Rodriguez,

          Petitioner,

—v—

Eric Schneiderman,

          Respondent.

12-CV-2146

ORDER

ALISON J. NATHAN, District Judge:

    Petitioner Pablo Rodriguez seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 25, 2013, Magistrate Judge Pitman submitted a Report and Recommendation ("R & R") recommending that the Court deny the petition. Dkt. No. 27. Petitioner's objections were docketed on January 8, 2014. The Court adopts Judge Pitman's report and recommendation and denies the petition.

I.    Background

    This opinion assumes familiarity with the facts of this case, which are described in detail in the R & R. Petitioner was convicted at trial in New York County Supreme Court of one count of engaging in a course of sexual conduct against a child in the first degree. He thereafter pursued in state court a direct appeal, a motion to vacate, and a petition for a writ of error coram nobis, before filing the present petition for a writ of habeas corpus on March 22, 2012. Petitioner brings numerous claims, including ones made in state court and incorporated by reference. Because "pro se complaints must be liberally construed," the court will treat each of these arguments as incorporated. *Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983). The Petition was fully submitted to Magistrate Judge Pitman, who issued a report and recommendation on October 25, 2013. Petitioner filed objections on January 8, 2014.

## II. Standard of Review

In this case, the Court exercised its authority to designate a magistrate judge to submit a report and recommendation describing the facts of the case and making a recommendation about whether to grant the habeas corpus petition. 28 U.S.C. § 636(b)(1)(B). The parties have been given the opportunity to file objections to the report and recommendation. *Id.* § 636(b)(1)(C). The Court reviews *de novo* those aspects of the R & R to which a party has submitted "specific, written objections," Fed. R. Civ. P. 72(b); *accord* § 636(b)(1)(C), including specific written objections that reiterate arguments made before the magistrate judge. *See Watson v. Geithner*, 11 Civ. 9527 (AJN), 2013 U.S. Dist. LEXIS 141009, at *5-7 (S.D.N.Y. Sept. 27, 2013) (noting that support for the use of a clear error standard of review for objections that "simply reiterate[] . . . original arguments . . . is arguably lacking in the language of both 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2)"). The Court reviews the R & R only for clear error, however, when the objections are not specific, but "conclusory or general." *Chebere v. Phillips*, 04 Civ. 296 (LAP), 2013 U.S. Dist. LEXIS 139728, at *7 (S.D.N.Y. Sept. 18, 2013).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2241 *et seq.*, a federal court reviewing a petition for a writ of habeas corpus based on a claim that was adjudicated on the merits in state court "must give the state court's adjudication a high degree of deference." *Yung v. Walker*, 341 F.3d 104, 109 (2d Cir. 2003). Specifically, the Court may not issue the writ unless the state court adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1)-(2).

## III. Discussion

### A. Petitioner's Claims and Objections

Construed liberally, Petitioner raises nine claims in his petition for a writ of habeas corpus. Petitioner argues that:

1. the trial court's failure to give a missing witness instruction to the jury violated his right to due process;

2. the prosecution's summation violated his right to a fair trial by shifting the burden of proof;

3. his conviction is based upon legally insufficient evidence;

4. the prosecution's failure to call an eyewitness violated his right to cross-examination;

5. the trial court's failure to subpoena the prosecution's witness violated his right to cross-examination;

6. the trial court's exclusion of evidence of third-party culpability violated his right to a fair trial;

7. the trial court's improper jury charge violated his right to due process;

8. his trial counsel provided ineffective assistance by

    a. failing to consult or retain a psychological expert; and

    b. impeaching [the complaining witness] with a transcript of her grand jury testimony rather than a videotaped version of that testimony;

9. his appellate counsel provided ineffective assistance to petitioner by failing to argue on appeal that

    a. the trial court failed to comply with N.Y. Crim. Proc. L. § 310.30 during jury deliberations;

    b. the trial court gave an improper jury charge;

    c. [the complaining witness]'s testimony given while covering her face violated petitioner's rights under the Confrontation Clause;

    d. the trial court improperly excluded testimony of third-party culpability;

    e. the trial court erroneously admitted evidence of his prior bad acts and

    f. his trial counsel was ineffective for failing to consult or retain a psychological expert.

R & R 12–13.

Judge Pitman's report and recommendation found that none of these claims merited habeas relief, as each claim was either unexhausted and therefore procedurally barred, procedurally barred for another reason, or without merit. Petitioner timely filed written objections, and appears to object to Judge Pitman's findings that:

1. the lack of counsel in post-conviction collateral proceedings would not excuse his procedural defaults;
2. his missing witness claim was unexhausted and procedurally barred;
3. his sufficiency of the evidence claim was unexhausted and procedurally barred;
4. the Appellate Division's decision upholding denial of his motion to vacate rested on procedural grounds, not the merits;
5. the Appellate Division's decision, holding that the summation did not violate his right to a fair trial, was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent;
6. he did not receive ineffective assistance of appellate counsel;
7. he did not receive ineffective assistance of trial counsel; and
8. his grand jury video claim was procedurally barred.

The Court has reviewed *de novo* the portions of the report and recommendation to which Petitioner has made specific objections, and adopts Judge Pitman's findings as explained below.

### B. Lack of Counsel in Post-Conviction Proceedings as Cause for Procedural Default

Petitioner's objections begin with what appears to be a response to Judge Pitman's findings on the applicable legal standards. Obj. 1–9. Petitioner discusses the exhaustion requirement, as well as the cause-and-prejudice exception to a procedural bar to habeas review. Although he does not concisely state a specific objection, Petitioner's objections can be read as a claim that his procedural defaults can be excused because he was not provided with any assistance of counsel when he brought his collateral motion to vacate his conviction under N.Y. C.P.L. § 440.10.

Petitioner cites *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012), in which the Supreme Court held that a petitioner may establish "cause" for a procedural default by showing a lack of

counsel or ineffectiveness of counsel in a state collateral post-conviction proceeding. Obj. 2. In *Martinez*, the petitioner brought an ineffectiveness of counsel challenge in a collateral proceeding rather than direct appeal, because that is what Arizona law required. In contrast, as Petitioner himself points out, Obj. at 4, New York permits, and sometimes requires, a defendant to pursue an ineffective assistance of trial counsel claim through direct appeal, and does not require a defendant to bring such a claim in a collateral review proceeding where counsel is not provided. *See Jackson v. Ercole*, 09-CV-1054 (MAT), 2012 U.S. Dist. LEXIS 169253 (W.D.N.Y. Nov. 28, 2012); *see also* N.Y. Crim. Proc. L. § 440.10. Therefore, the absence of counsel on a motion to vacate brought under section 440.10 does not leave a petitioner with no meaningful opportunity to raise such a claim. Accordingly, the Court applies the general rule of *Coleman v. Thompson*, 501 U.S. 722 (1991), that ineffective assistance of counsel in collateral review proceedings is not cause for a procedural default, rather than the narrow exception recognized in *Martinez*.

Having carefully reviewed the report and recommendation, the Court finds that Judge Pitman correctly identified the legal standards applicable to the exhaustion requirement and the resulting procedural bar to habeas review. R & R 14–22. Petitioner has failed to establish that the absence of counsel in his post-conviction proceeding established cause for a procedural default, let alone shown that he was prejudiced as a result.

### C.     Missing Witness Instruction

Petitioner next objects to Judge Pitman's findings that his missing witness claim was unexhausted and procedurally barred. In his petition, Petitioner claimed that the trial court's failure to give a missing witness instruction violated his due process rights under the Fourteenth Amendment. *See* Pet., Ex. A (Pet.'s App. Br.), at 18–28. Judge Pitman found this claim to be procedurally barred because Petitioner did not exhaust it before the state courts, failing to fairly present any federal constitutional claim based on the lack of a missing witness instruction. R & R 23. Petitioner objects and claims his federal claim based on the missing witness instruction

was fairly presented and therefore exhausted. Obj. 10–11. Because Petitioner has properly made a specific objection, the Court reviews this claim *de novo*. Fed. R. Civ. P. 72(b).

To obtain a writ of habeas corpus vacating a conviction for violation of federal constitutional rights, a petitioner must ordinarily have exhausted the remedies available in state court. 28 U.S.C. § 2254(b). This requires a petitioner to first "'fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)). As Petitioner notes, "a state defendant may fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution . . . ." *Daye v. Attorney Gen. of N.Y.*, 696 F.2d 186, 194 (2d Cir. 1982) (en banc). Methods of fairly presenting a federal constitutional claim without labeling it as such include

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

*Id.* Conceding that Judge Pitman correctly found he did not rely on federal or state cases employing constitutional analysis, R & R 23, Petitioner claims to have "presented the state court with a factual pattern that should have called to mind 'a specific right protected by the United States Constitution.'" Obj. 10–11 (quoting *Daye*, 696 F.2d at 194).

This is not so. Petitioner's claim on appeal was that the trial court erred by refusing to give a missing witness instruction. In making this claim, Petitioner did not employ terms "so particular as to call to mind" a violation of his Fourteenth Amendment due process rights or any other specific constitutional right. *Daye*, 696 F.2d at 194. To the contrary, the terms used by Petitioner call to mind a state-law claim of legal error. In his appellate brief, Petitioner argued that "it was manifest error for the court to deny the defense request for a missing witness charge," Pet., Ex. A (Pet.'s App. Br.), at 19, and that the "erroneous refusal to give a missing

6

witness instruction . . . cannot be considered harmless." *Id.* at 27. Petitioner's leave application similarly claimed that the refusal to give the instruction was "improper," but did not claim it violated his constitutional right to a fair trial. Answer, Ex. A (Pet.'s Leave App.) at 3.

Nor did Petitioner's claim that the omission of the instruction was "reversible error" allege a "pattern of facts that is well within the mainstream of constitutional litigation." *Daye*, 696 F.2d at 194. In general, "[t]he adequacy of a court's instructions to the jury is a matter of state law." *Nichols v. Conway*, 10 CV 3852 (KBF), 2012 U.S. Dist. LEXIS 81577, at *13 (S.D.N.Y. June 11, 2012) (citing *Cupp v. Naughten*, 414 U.S. 141, 146 (1973)). When the alleged error is one of omission, the pattern of facts is even farther from the mainstream of constitutional litigation, because omitted jury instructions are "less likely to be prejudicial than a misstatement of the law." *Hernandez v. Lee*, 10-CV-4667 (JFB), 2014 U.S. Dist. LEXIS 50798, at *50 (E.D.N.Y. Apr. 11, 2014) (citation and quotation marks omitted). An omitted jury instruction only violates the federal constitution if failure to give the instruction "so infected the entire trial that the resulting conviction violated due process." *Id.* (citation and quotation marks omitted). Nothing in Petitioner's presentations to the state courts below fairly presented such a claim. Accordingly, Judge Pitman was correct in finding that Petitioner did not exhaust any federal constitutional claim based on the failure to give a missing witness instruction. R & R 23–24.

Petitioner raised no objection to Judge Pitman's finding that Petitioner cannot return to state court to exhaust this unexhausted claim, leading to a procedural bar to habeas review. R & R 24–25; *see* Obj. 9–10. The Court finds no clear error and therefore deems the missing witness claim procedurally barred for the reasons stated by Judge Pitman.[1]

---

[1] Assuming *arguendo* that this claim was not procedurally barred, the Court would deny it on the merits. Petitioner has not shown that the omission of the instruction made his trial fundamentally unfair, let alone established that the state court decision upholding the decision to omit the requested instruction was contrary to or an unreasonable application of clearly established Supreme Court precedent. *See Nichols*, 2012 U.S. Dist. LEXIS 81577, at *13-14.

7

### D. Sufficiency of the Evidence

Petitioner's third objection relates to his claim that his conviction violated due process because it was based upon insufficient evidence. *See* Obj. 11–13.[2] Judge Pitman found this claim unexhausted and procedurally barred because Petitioner did not raise it in his leave application on direct appeal. R & R 26. Petitioner objects and argues he did fairly present his claim to the Court of Appeals by incorporating the arguments made in his appellate brief via the final paragraph of his letter requesting leave to appeal. Obj. 12. Having reviewed the R & R *de novo*, the Court disagrees with Petitioner.

Petitioner's leave application omitted the sufficiency of the evidence claim and instead sought leave "to answer two critical, and related, questions," including whether a missing witness charge was required, and whether the summation deprived him of a fair trial. Answer, Ex. A (Pet.'s Leave App. Dec. 21, 2009); *see* R & R 26. The leave application letter does refer to Petitioner's prior appellate brief, stating that "[i]n support of this application, Mr. Rodriguez relies on this letter and the briefs filed below, which are enclosed." However, this reference did not change the fact that the letter only sought leave on the two issues described above. Even this reference gave no indication to the Court of Appeals that Petitioner sought leave to appeal unmentioned issues contained in his brief.

As a result, Petitioner's sufficiency of the evidence claim is unexhausted, as his "leave application had affirmatively directed the Court of Appeal's attention *away* from claims contained in the attached briefs." *Galdamez v. Keane*, 394 F.3d 68, 76 (2d Cir. 2005); *see* R & R 27 (citing *Smith v. Duncan*, 411 F.3d 340, 345 (2d Cir. 2005)). It is well-established that "arguing one claim in [a leave] letter while attaching an appellate brief without explicitly alerting the state court to each claim raised does not fairly present such claims for purposes of the exhaustion requirement underlying federal habeas jurisdiction." *Jordan v. Lefevre*, 206 F.3d 196, 198–99 (2d Cir. 2000). As the Second Circuit has explained, "Counsel may not transfer to

---

[2] To the extent that Petitioner also raised a claim that the verdict was against the weight of the evidence, a claim he appears to maintain in his objections, *see* Obj. 11, Judge Pitman correctly determined that such a claim is a state-law claim not cognizable on federal habeas review. *See* R & R 28.

the state courts the duty to comb through an applicant's appellate brief to seek and find arguments not expressly pointed out in the application for leave." *Id.* at 199. As a result, Petitioner's failure to exhaust the sufficiency claim leads to a procedural bar to habeas review, for the reasons correctly stated by Judge Pitman. *See* R & R 17–18, 27.

### E.   Motion to Vacate

Petitioner's fourth objection relates to the five claims he asserted in his *pro se* motion to vacate his conviction, *viz.*, his claims that:

1. the prosecution's failure to call an eyewitness violated his right to cross-examination;
2. the trial court's failure to subpoena the prosecution's witness violated his right to cross-examination;
3. the trial court's exclusion of evidence of third-party culpability violated his right to a fair trial;
4. the trial court's improper jury charge violated his right to due process; and
5. his trial counsel provided ineffective assistance by
   a. failing to consult or retain a psychological expert; and
   b. impeaching NR with a transcript of her grand jury testimony rather than a videotaped version of that testimony.

Obj. 13–14; *see* Pet., Ex. B (Pet.'s Apr. 5, 2010 Motion to Vacate).

Judge Pitman found these claims to be procedurally barred because the trial court's decision rejecting them rested on independent and adequate state procedural grounds. Specifically, New York's post-conviction statute requires a court to deny a motion to vacate a judgment when it brings a ground that a defendant unjustifiably failed to raise on appeal despite a sufficient factual record existing to allow it to have been raised on appeal. N.Y. Crim. Proc. L. § 440.10(2)(c). Pursuant to that rule, the trial court found that petitioner's motion to vacate raised claims that were "either raised previously on appeal or could have been raised on appeal," as "[t]here was no impediment to [Petitioner] raising these issues on appeal." Answer, Ex. C

9

(*People v. Rodriguez*, No. 3369/06 (N.Y. Cnty. Sup. Ct. July 22, 2010) (Decision), at 2–3).[3] Because of Petitioner's failure to comply with New York's procedural rule ensuring that a motion to vacate "should not be used as a substitute for a direct appeal," the trial court denied the motion. *Id.* at 3.[4] Petitioner appealed this decision, and the Appellate Division denied leave to appeal without opinion. R & R 30–32. In the report and recommendation, Judge Pitman found that Petitioner had not attempted to excuse the procedural default by showing either cause and prejudice, or actual innocence, and therefore these claims did not provide a basis for habeas relief. R & R 32–33. Petitioner objects and argues that the denial of his motion was made on the merits, not procedural grounds. Obj. 13–14.

In support of his objection, Petitioner first claims that the Appellate Division's decision without opinion should be presumed to have adjudicated each of his claims on their merits. Obj. 13 (citing *Harrington v. Richter*, 131 S. Ct. 770, 781 (2011)). In *Harrington*, a state habeas petition was denied without any reasoned decision made at all. *See* 131 S. Ct. at 781. In contrast, the trial court here issued a reasoned decision, rejecting Petitioner's motion to vacate on the procedural grounds described above. The Appellate Division's subsequent denial of leave to appeal without opinion is presumed to rest on the procedural grounds stated by the lower court, rather than the merits. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *see also Hayes v. Coombe*, 142 F.3d 517, 519 (2d Cir. 1998) ("[W]hen a lower state court spoke clearly, all unexplained affirmances of that opinion by higher state tribunals must ordinarily be read to confirm the unambiguous holding of the lower court.").

Petitioner also objects that the R & R should have reviewed the Appellate Division's decision on the merits, because that decision addressed the substance of his claim that the trial court's jury instructions failed to mitigate the prejudicial effects of the prosecution's summation.

---

[3] As Judge Pitman notes, the trial court apparently erred by stating that some of the issues brought in the motion to vacate were in fact raised on appeal. R & R 31 n. 8. However, this error is inconsequential, because the trial court correctly stated that the claims could have been raised on appeal.

[4] Although the trial court's decision also includes reasons why Petitioner's claims were meritless, an alternative holding on the merits does not eliminate the procedural bar arising from the denial of Petitioner's motion on procedural grounds. *See Glenn v. Bartlett*, 98 F.3d 721, 724 (2d Cir. 1996); R & R 21.

10

Obj. 14. But despite placing this objection under the section heading "Motion to Vacate," the language Petitioner quotes is from the Appellate Division's earlier decision denying his direct appeal, *People v. Rodriguez*, 67 A.D.3d 417, 889 N.Y.S.2d 15 (2009), not the later decision denying him leave to appeal his motion to vacate. Answer, Ex. D (*People v. Rodriguez*, No. 3369/2006 (1st Dep't Dec. 15, 2010) (Certificate Denying Leave)). Petitioner's objection is therefore misplaced. With respect to the claim referred to by Petitioner, which was made on direct appeal, not in his motion to vacate, Judge Pitman recognized that that decision was on the merits, and considered the claim on the merits. *See* R & R 39–45.

Having found that denial of Petitioner's motion to vacate rested on procedural grounds, Judge Pitman found those grounds were "independent and adequate" and thus imposed a procedural bar to habeas review unless Petitioner excused the procedural default. R & R 32–33. Petitioner does not object to these findings. The Court reviews for clear error, and finds none. Accordingly, Petitioner's petition does not warrant habeas relief with respect to the claims raised in Petitioner's motion to vacate.

### F. Prosecutorial Misconduct

Petitioner's fifth objection relates to his habeas claim that the prosecution's summation violated his right to a fair trial, shifting the burden of proof by improperly commenting on his failure to call witnesses. Pet., Ex. A (Pet. App. Br.), at 32. Judge Pitman found that the Appellate Division's decision, holding that the summation did not violate Petitioner's right to a fair trial, was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent. R & R 45. Petitioner objects to this finding, arguing that the prosecution's summation did cause substantial prejudice and also amounted to a structural error, one which "necessarily render[s] a trial fundamentally unfair," *Neder v. United States*, 527 U.S. 1, 8 (1999) (citation and quotation marks omitted), and therefore warrants habeas relief. Obj. 15–16 (quoting *id.*). However, improper summation commentary is "an error in the trial process itself," not a "defect affecting the framework within which the trial proceeds," and therefore is not in the

11

"very limited class of cases" that require automatic reversal regardless of the prejudicial effect of the error. *Neder*, 527 U.S. at 8; *see Chapman v. California*, 386 U.S. 18 (1967) (holding that prosecutorial summation commentary on defendant's failure to testify was unconstitutional, and not harmless, but did not require automatic reversal regardless of prejudicial effect); *Bentley v. Scully*, 41 F.3d 818, 824 (2d Cir. 1994) ("[I]n order to be entitled to habeas relief, [a Petitioner] must demonstrate that he suffered actual prejudice because the prosecutor's comments during summation had a substantial and injurious effect or influence in determining the jury's verdict").

Having reviewed the issue *de novo*, the Court agrees with Judge Pitman's conclusion that the Appellate Division's decision was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent. It is not clear the prosecutor's comments were even improper, given that the prosecutor first gave the jury a multifaceted reminder that the burden of proof did not fall on the defendant. *See United States v. Millar*, 79 F.3d 338, 344 (2d Cir. 1996). Regardless, the Court finds that Petitioner has not shown he suffered substantial prejudice. The prosecutor's comments were relatively isolated, and therefore less likely to affect the jury's deliberations. *Donnelly v. DeChristoforo*, 416 U.S. 637, 646 (1974). The risk that the comments would suggest a shift in the burden of proof was mitigated because the prosecutor had just reminded the jury that the government bears the burden of proof, *see* R & R 42 (quoting Tr. 454), and thus the prosecutor did not "go further and suggest that the defendant has the burden of producing evidence." *United States v. Bautista*, 23 F.3d 726, 733 (2d Cir. 1994). Finally, Petitioner's claim that the comments caused substantial prejudice is further undermined by the trial court's instructions, which gave the jury an additional reminder that the burden never shifts to the defendant. *See Donnelly*, 416 U.S. at 645 (1974) (noting the effects of curative instructions). The prosecutor's comments did not substantially prejudice Petitioner or deny him his constitutional right to a fair trial. Petitioner has not shown that the Appellate Division's decision erred or that habeas relief is warranted under the deferential standards set by AEDPA.

G.      **Ineffective Assistance of Appellate Counsel**

Petitioner's sixth objection disputes Judge Pitman's findings that each of his six grounds for ineffective assistance of appellate counsel were without merit. Obj. 16–18; *see* R & R 45–67. Although Petitioner only specifically mentions three of these six grounds,[5] the court liberally construes his objection as a specific objection to each finding. Petitioner thus claims that his trial counsel did preserve each issue for appellate review.

Having carefully reviewed this section of Judge Pitman's report and recommendation *de novo*, the Court adopts its findings. Judge Pitman correctly concluded that Petitioner's appellate counsel was not ineffective with respect to the first five grounds asserted by Petitioner in his petition for writ of error coram nobis, because those issues were indeed unpreserved. R & R 48–59, 66; *see Aparicio v. Artuz*, 269 F.3d 78, 96 (2d Cir. 2001) (noting appellate counsel is not ineffective for failing to raise arguments that were waived by trial counsel's failure to make a required objection).

Petitioner's final ground argued that appellate counsel provided ineffective assistance by failing to argue that trial counsel provided ineffective assistance by failing to call a psychological expert witness. Pet. Mem. 1–3; Obj. 18. With respect to this claim, Judge Pitman correctly found that no evidentiary hearing was required, R & R 60–61, because evidentiary hearings are unavailable when a petitioner seeks relief under § 2254(d)(1). *Cullen v. Pinholster*, 131 S. Ct. 1388, 1401 (2011). In determining whether the state court decision was contrary to or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), the Court's review is limited to the record before the state court that adjudicated Petitioner's claim on the merits. *See Cullen*, 131 S. Ct. at 1398.

Judge Pitman was also correct in finding that Petitioner's trial counsel was not ineffective, and therefore his appellate counsel was not ineffective for failing to bring a claim

---

[5] Petitioner's objection argues that his appellate counsel was ineffective for failing to raise various issues, "*such as* NR coming into the court room looking around and bursting into tears," Obj. 16 (emphasis added), violation of the *Molineaux* rule when the court permitted CJ to testify that he was arrested, Obj. 16–17, and ineffective assistance of trial counsel due to failure to call a psychologist as an expert witness. Obj. 18.

13

based on trial counsel's failure to call an expert witness. R & R 61–66. In defending a client accused of child sex abuse, counsel may be ineffective by failing to consult or call an expert, failing to become educated on the relevant scientific issues, and failing to effectively cross-examine an opposing expert. *See Gersten v. Senkowski*, 426 F.3d 588, 607–611 (2d Cir. 2005). In this case, the record shows that Petitioner's trial counsel considered calling an expert, but made a strategic choice not to do so, Tr. 387–89, 391, 395, so an appellate claim that counsel was ineffective would raise "a question of trial strategy that appellate courts are ill-suited to second-guess." *United States v. Luciano*, 158 F.3d 655, 660 (2d Cir. 1998). Trial counsel effectively cross-examined the prosecution's expert witness, eliciting testimony that supported the defense's theory that the complaining witness made a false accusation to protect the real abuser. Tr. 372–74, 431–45; *see Eze v. Senkowski*, 321 F.3d 110, 132 (2d Cir. 2003) (declining to find ineffective trial counsel's cross examination of child sex abuse expert). Because trial counsel was not ineffective, appellate counsel was not ineffective for failing to argue otherwise, and the denial of Petitioner's writ of error coram nobis was not contrary to or an unreasonable application of clearly established Supreme Court precedent.

### H.   Ineffective Assistance of Trial Counsel

Petitioner's seventh objection claims that his trial counsel was ineffective on various grounds. Obj. 18–20. The first ground—that trial counsel was ineffective for not calling an expert witness—was raised in Petitioner's motion to vacate, and is procedurally barred because Petitioner failed to bring it in his original appeal. *See* section III.E., *supra*. The other objections contend that Petitioner was deprived of his constitutional right to effective assistance of trial counsel because his counsel failed to object and preserve for appellate review various claims. Obj. 19. Because these objections present arguments that "could have been . . . presented to the magistrate judge in the first instance," but were not, the Court will not consider them. *Jefferson v. LaClair*, 09-CV-2782, 2014 WL 887116, at *1 (E.D.N.Y. Mar. 6, 2014). In the alternative,

however, Petitioner's failure to ever present these claims to the state court below means that any such claims are unexhausted and procedurally barred.

### I. Videotaped Grand Jury Testimony

Finally, Petitioner objects in support of his claims based on trial counsel's failure to impeach the complaining witness with a videotape, rather than a transcript, of her grand jury testimony. Obj. 20–21. Judge Pitman found that the videotape claim was unexhausted and procedurally barred due to Petitioner's failure to include it in his motion for a writ of error coram nobis. R & R 60 n. 13. This conclusion is correct insofar as it relates to Petitioner's claim that appellate counsel was ineffective for failing to argue that trial counsel was ineffective on this basis. *See* Pet., Ex. C (Pet.'s Coram Nobis Mem.)

However, Petitioner maintains that he did exhaust this claim by presenting it in his motion to vacate and appeals therefrom. Obj. 21. In his motion to vacate, Petitioner did claim that his trial counsel provided ineffective assistance of counsel by failing to impeach the complaining witness with videotape. *See* Pet., Ex. B, at 28. As described in section III.E., *supra*, the trial court rejected this claim on procedural grounds, finding Petitioner did not raise this issue on appeal despite "no impediment" to doing so. Answer, Ex. C, at 2–3. Petitioner does not claim to have demonstrated an excuse for this procedural default, and instead argues simply that the claim was exhausted. *See* Obj. 21. In fact, Petitioner's unexcused procedural default prevents habeas review of this claim.

### IV. Conclusion

The Court has reviewed the remainder of the report and recommendation and found no clear errors. Accordingly, the Court hereby adopts Judge Pitman's R & R, and denies this petition for a writ of habeas corpus. In addition, the Court declines to issue a certificate of appealability. Petitioner has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would

not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of Court shall dismiss this petition and close the case.

    SO ORDERED.

Dated:   **Aug. 15**  , 2014
       New York, New York

_____
ALISON J. NATHAN
United States District Judge